UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| METROPOLITAN CASUALTY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>DAVID WINFREY and SALLY WINFREY, and their marital community,<br><br>            Defendants. | No. CV-08-0197-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**THIS MATTER** comes before the Court on the parties' cross-motions for summary judgment. The issue before the Court is whether the insurance policy's Uninsured/Underinsured Motorist ("UIM") protection is applicable to the August 4, 2007 car collision that is the subject of this lawsuit. Plaintiff is represented by John Woodruff Rankin, Jr., and Jason E. Vacha. Patrick Mark Risken and Markus William Louvier represent Defendants.

**BACKGROUND**

The facts relevant to this dispute, as set out in the Amended Joint Statement of Facts filed on October 27, 2008 (Ct. Rec. 18), are summarized below.

David and Sally Winfrey ("Defendants") entered into a contract for insurance with Metropolitan Casualty Insurance Company ("Plaintiff"). The policy numbered 8451209090 ("the Policy") was effective for the period of time between July 5, 2007 and January 5, 2008. Mrs. Winfrey was named as the "Insured" on the policy, while

ORDER . . . - 1

Mr. Winfrey was named as the "Spouse/Co-Insured." The Policy includes Underinsured and Uninsured Motorist ("UIM") coverage with limits of $500,000.00 per bodily injury and $500,000.00 per occurrence. The Policy lists two vehicles, a 1996 Chevrolet Lumina and a 1997 Chevrolet Blazer as "Insured Vehicles."

Mrs. Winfrey's employer provided another vehicle for her to use in connection with her employment. Both Mr. and Mrs. Winfrey had permission to operate the vehicle for personal use, and both regularly drove it for personal use. This vehicle was not listed as an "Insured Vehicle" under the Policy.

On or about August 4, 2007, Defendants were driving in the vehicle supplied by Mrs. Winfrey's employer when they were struck by an "uninsured motorist." Both Mr. and Mrs. Winfrey sustained serious injuries as a result of the collision.

Plaintiff has since brought the instant action, seeking Declaratory Judgment that the Policy does not cover any UIM claims arising out of the August 4, 2007 collision. Defendants request that the Court declare that the UIM protection of the Policy is applicable to the August 4, 2007 collision.

**DISCUSSION**

**I. Summary Judgment Standard**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273-74 (1986).

ORDER . . . - 2

Here, the parties have stipulated that no genuine issue of material fact exists and the sole controversy is the interpretation of an insurance policy, a question of law. (Ct. Rec. 20 at 3; Ct. Rec. 21 at 3). Accordingly, the parties agree this matter is ripe for resolution by the Court on summary judgment. *See*, *American Star Ins. Co. v. Grice*, 121 Wash.2d 869, 874, 854 P.2d 622 (1993).

**II.   Rules of Construction for Contract Interpretation**

Insurance contracts are construed as contracts. *Quandrant Corp. v. American States Ins. Co.*, 154 Wash.2d 164, 171, 110 P.3d 733, 737 (2005). An insurance contract should be considered as a "whole" and given a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Quandrant Corp.*, 154 Wash.2d at 171 (citation and internal quotation marks omitted). "If the policy language is clear and unambiguous, [the Court] must enforce it as written; [the Court] may not modify it or create ambiguity where none exists." *Id.* A clause is ambiguous only "when on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." *Id.* If a clause is ambiguous, the Court may rely on extrinsic evidence of the intent of the parties to resolve the ambiguity. *Id.* "Any ambiguity remaining after examination of the applicable extrinsic evidence is resolved against the insurer and in favor of the insured." *Id.* Nevertheless, the "expectations of the insured may not override the plain language of the contract." *Id.*

///

///

ORDER . . . - 3

**III. UIM Coverage Under The Policy**

Plaintiff contends that the Policy does not provide UIM coverage in situations, like here, where the named insured is occupying or operating a car which is provided for the insured's regular use, but is not listed in the Policy, i.e., a regularly used car for which no premium is paid. (Ct. Rec. 21 at 3-4). Defendants claim that they are each insured not only by virtue of their status as named insured, but also by their status as relatives of one another. (Ct. Rec. 20 at 4-6).

The Policy excludes UIM coverage in cases in which:

>    1.   any person occupying a motor vehicle owned or available for the regular use by you or a relative, other than a covered automobile.

The plain language of the Policy thus does not provide UIM coverage in situations where the insured is occupying or operating a car which is provided for the insured's regular use, but is not listed in the Policy. It is undisputed that the car occupied by Defendants at the time of their accident with an uninsured driver was a "vehicle owned or available for the regular use by you or a relative" which was not listed in the Policy. The Policy defines the term "you" and "your" as:

>    the person(s) named in the Declarations of this policy as named insured and the spouse of such person or persons if a resident of the same household.

According to this definition, each Defendant clearly qualifies as "you" under the Policy. Therefore, pursuant to the Policy, Defendants are not entitled to UIM coverage in this case unless the subject vehicle is deemed a "covered automobile" under the Policy.

ORDER . . . - 4

The Policy defines the term "covered automobile," in relevant part, as follows:

> 4.   a motor vehicle, while being operated by you or a relative with the owner's permission, which is not owned by, furnished to, or made available for regular use to you or any relative in your household.
>
> EXCEPTION:  A motor vehicle owned by, furnished to, or made available for regular use to any relative in your household is covered when operated by you.

As discussed, it is undisputed in this case that the vehicle at issue was made available to both Defendants for regular use.  It is thus not a "covered automobile" under the Policy definitions unless it fits within the exception to definition number 4 of "covered automobile."

Defendants argue that the vehicle qualifies as an exception to definition number 4 of "covered automobile," because Mr. Winfrey, as a "relative" of Mrs. Winfrey, as defined under the terms of the Policy,[1] was driving the car when the accident occurred.  (Ct. Rec. 20 at 5).  Thus, Defendants contend that they are covered by their status as relatives of one another.  (Ct. Rec. 20 at 5-6).

However, the plain language of the exception to definition number 4 indicates it is only applicable to a motor vehicle "available for regular use to any relative . . . when operated by you."  In the context of this exception, it is apparent that the term "relative"

///

///

---

[1] The Policy defines the term "Relative" as "a person related to you by blood, marriage or adoption (including a ward or foster child) and who resides in your household."

ORDER . . . - 5

describes people district from "you" as defined in the Policy.[2]  A person, in the context of this exception, is either "you" or "a relative," but is not both, and, as discussed above, each Defendant clearly qualifies as "you" under the Policy.

Moreover, as asserted by Plaintiff, the exception to definition number 4 is only intended to expand the limited coverage to cover a named insured while he or she ("you") is driving a car regularly available to a household member ("relative") which is not listed in the Policy.  It is not intended to create a loophole to allow coverage on a vehicle regularly used by the insured ("you"), but for which they never purchased insurance.  The purpose of this exclusion is "to

---

[2]As asserted by Plaintiff, a review of Exclusion 5 provides further support for the interpretation that the phrase "a motor vehicle . . . made available for any regular use to any relative in your household" is not meant to include a vehicle made available for regular use to the named insured. (Ct. Rec. 21 at 10-11).

Exclusion 5 of the Policy excludes UIM coverage in cases in which "a relative who owns, leases or has available for their regular use, a motor vehicle not described in the Declarations." If the term "relative" was interpreted to include the named insured, Defendants, then Exclusion 5 would eliminate all UIM coverage for Defendants as it is undisputed that they had a motor vehicle not described in the Declarations available for their regular use, the vehicle at issue in this case. Accordingly, if "relative" is defined to include Defendants, Exclusion 5 would bar UIM coverage for Defendants regardless of which motor vehicle they were using or occupying. Plaintiff submits that this is clearly not the intent of Exclusion 5, as it "would render coverage illusory and would 'devour' the policy." (Ct. Rec. 21 at 10).

A review of Exclusion 5 further persuades the Court that, consistent with the exception to Exclusion 4, an interpretation of the term "relative" in the context of these exclusions is intended to be a person separate and distinct from the named insured.

ORDER . . . - 6

prevent an insured from receiving coverage on all household cars or another uninsured car of the insured by merely purchasing a single policy." *Schelinski v. Midwest Mut. Ins. Co.*, 71 Wash. App. 783, 788, 863 P.2d 564 (1993), quoting *Dairyland Ins. Co. v. Ward*, 83 Wash.2d 353, 359, 517 P.2d 966 (1974).  If "a motor vehicle . . . made available for any regular use to any relative in your household" was interpreted to include vehicles regularly available to Defendants, then Defendants would not need to insure any additional vehicles they purchased or used regularly, because the Policy would provide coverage to all vehicles they regularly used, as long as they were operating the vehicle at the time of an accident.

The exception to definition number 4 of "covered automobile" is inapplicable, here, because the at-issue vehicle was available for regular use by Defendants, the named insured, and it was operated by Defendants at the time of the accident.  Therefore, the vehicle occupied by Defendants at the time of the accident is not a "covered automobile" as defined by the Policy.

Based on the foregoing, the Court finds that UIM coverage is excluded because at the time of the accident, Defendants were occupying a motor vehicle available for their regular use, which was not a covered automobile as defined in the Policy.  Therefore, the Court finds that the Policy in this case does not provide coverage for any UIM claims arising out of the August 4, 2007 accident.

///

///

///

**IV.  Public Policy RE: Uninsured Motorist Coverage**

Defendants contend that Washington State legislative intent and public policy require coverage in this case. (Ct. Rec. 20 at 6-8). Plaintiff responds that a plain reading of the relevant insurance statute evidences the legislature's intent that an insurer not be required to provide UIM coverage for vehicles "available for the regular use by the named insured or any family member" which are not insured by the policy. Wash. Rev. Code 48.22.030(2).

Wash. Rev. Code 48.22.030, provides, in relevant part:

> (2) No new policy or renewal of an existing policy insuring against loss resulting from liability imposed by law for bodily injury, death, or property damage, suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles . . . **except while operating or occupying a motor vehicle owned or available for the regular use by the named insured or any family member, and which is not insured under the liability coverage of the policy** . . . .

Wash. Rev. Code 48.22.030(2) (emphasis added).

While it is undisputed that there is a strong public policy to ensure coverage for the innocent victims of uninsured drivers, *Cherry v. Truck Insurance Exchange*, 77 Wash. App. 557, 892 P.2d 768 (1995), the relevant insurance statute plainly excludes UIM coverage in cases, like here, where the vehicle at issue was available to the named insured for regular used, but not insured under the policy. As indicated by Plaintiff, if this were not the case, then an individual could simply purchase one insurance policy for one vehicle and claim UIM coverage for every vehicle he or she regularly drove under that one policy.

ORDER . . . - 8

Defendants argue that the coverage mandated by Wash. Rev. Code 48.22.030(2) is personal to Defendants and for their personal protection and is not dependent on which automobile they happened to be driving at the time of an accident. In support of this proposition, Defendants cite a Louisiana Supreme Court case, *Howell v. Balboa Insurance Co.*, 564 So.2d 298 (La. 1990), and *First Nat. Ins. Co. of America v. Perala*, 32 Wash. App. 527, 648 P.2d 472 (1982).

The Louisiana case, as well as the case law from other states cited by Defendants, is not binding or persuasive authority. Furthermore, the *Perala* case does not address the pertinent issue of this case; specifically, whether the named insured had UIM coverage for a vehicle they regularly used but for which they did not purchase insurance. Instead, the single-vehicle accident vehicle at issue in *Perala* was covered by an insurance policy, but the vehicle's operator was uninsured. *Perala* is inapposite.

In their reply brief, Defendants cite two additional Washington cases as support for their contention that UIM coverage is personal and not dependent on which automobile they happen to occupy at the time of the accident: *Britton v. Safeco Ins. Co. of America*, 104 Wash.2d 518, 707 P.2d 125 (1985) and *Johnson v. Farmers Ins. Co. of Wash.*, 117 Wash.2d 558, 817 P.2d 841 (1991). In *Britton*, an insured Sheriff was injured in an automobile accident while acting within the scope of his duties. The issue in the *Britton* case was whether it was permissible for an UIM endorsement to provide a setoff of disability benefits from compensation the insured would otherwise be entitled to receive. In the *Johnson* case, the issue was the policy limits of the

UIM coverage, not whether the named insured had UIM coverage for a vehicle they regularly used but for which they did not purchase insurance. It is apparent that these cases are inapposite as well.

Washington's insurance statute unambiguously permits an insurance provider to exclude UIM coverage to a person occupying a vehicle regularly available to the individual but for which he or she did not insure. Wash. Rev. Code 48.22.030(2). Accordingly, contrary to Defendants' assertions, public policy does not require Plaintiff to provide Defendants UIM coverage for a vehicle they used regularly but for which they failed to purchase insurance.

**CONCLUSION**

The plain language of the Policy in this case excludes UIM coverage for any claims arising from the August 4, 2007 accident. Contrary to Defendants' argument, public policy does not override Plaintiff's right to exclude UIM coverage in the situation at issue in this case. *See*, Wash. Rev. Code 48.22.030(2). Accordingly, Summary judgment shall be granted in favor of Plaintiff and against Defendants.

The Court being fully advised, **IT IS HEREBY ORDERED as follows**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 21)** is **GRANTED**.

2. Defendants' Motion for Summary Judgment **(Ct. Rec. 19)** is **DENIED**.

///

///

///

ORDER . . . - 10

3.   Plaintiff is entitled to the following declaratory relief: the subject insurance policy does not provide Uninsured Motorists coverage to the Winfreys for the injuries they sustained in the August 4, 2007 collision.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, provide copies to counsel, **enter judgment in favor of Plaintiff** and **close the file**.

**DATED** this ___13th___ day of January, 2009.

                      S/Fred Van Sickle
                      Fred Van Sickle
             Senior United States District Judge

ORDER . . . - 11